IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| LATOYA O. HAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 625-058 |
| | ) | |
| GAS PRO; BILLY T. HODGES; and AM-PM CONVENIENCE STORE, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a former employee of Defendant Gas Pro, brings this civil action to assert a claim for racial and gender discrimination under Title VII of the Cvil Rights Act of 1964, 42 U.S.C. § 2000e to 2000e-17. Because she is proceeding *in forma pauperis*, Plaintiff's Amended Complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

**I.    AMENDED COMPLAINT ALLEGATIONS**

Taking all allegations of the Amended Complaint as true, as one must for the present screening, the fact are as follows. Plaintiff is a black woman who, on an unspecified date, escorted a white male out of a Gas Pro store "in accordance with company protocol . . . " because he was "rude, [and] disregarded post[ed] safety sign[s] related to cleaning and wet floors . . . ." (Amd. Compl., Doc. no. 7, pp. 4, 5.) The ejected customer "was associated with [Defendant] Billy Hodges," and the customer made reference to Mr. Hodges as Plaintiff

escorted him out of the store. (Id. at 4.) Plaintiff claims Mr. Hodges, who is presumably white but not identified as such by Plaintiff, "fabricated events surrounding this matter" and "conspired with current staff members to support his false version of events." (Id. at 5.) Mr. Hodges terminated Plaintiff's employment on January 10, 2024, and a reasonable inference is that he did so because of Plaintiff's decision to eject the customer from the store, as well as her behavior during the ejection. (Id. at 4.) According to Plaintiff, "at no time" during the ejection "did [she] use any racial slurs, discriminatory language or engage in any religious or inappropriate behavior." (Id. at 5.) Plaintiff filed a charge with the EEOC on March 2, 2024, and received her Notice of Right To Sue letter on May 1, 2024. (Id. at 6.) For relief, Plaintiff seeks an apology, compensatory damages, and punitive damages. (Id.)

## II.   DISCUSSION

### A.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B.     Plaintiff Fails to State a Claim for Wrongful Termination Under Title VII

To allege "a prima facie case of wrongful termination based on discrimination, a plaintiff must show that (1) [s]he was member of a protected class; (2) [s]he was subjected to an adverse employment action; (3) [s]he was qualified for the job; and (4) [her] employer treated 'similarly situated' employees outside [her] class more favorably." Cooper v. Georgia Dep't of Transp., 837 F. App'x 657, 667 (11th Cir. 2020) (*per curiam*) (citing Lewis v. City

3

of Union City, Ga., 918 F.3d 1213, 1220–21 (11th Cir. 2019) (*en banc*)); see also Young v. Atlas Welding Supply Co., Inc., No. 2:18-CV-189, 2019 WL 1488863, at *6 (N.D. Ala. Apr. 4, 2019) (citing Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004)) (listing same elements for a *prima facie* case of unequal terms and conditions of employment under Title VII).  Assuming Plaintiff's allegations satisfy elements one, two and three, the Amended Complaint is bereft of any allegation of Defendants providing more favorable treatment to similarly situated employees outside of her protected class.  Furthermore, there is no suggestion of any "factual matter (taken as true) to suggest intentional race discrimination." Graham v. Glynn Cnty. Schs., No. 2:23-CV-112, 2024 WL 3873418, at * 4 (S.D. Ga. Aug. 19, 2024) (citations omitted).  For this reason, the claim of wrongful termination based on alleged racial and gender discrimination fails.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's case be **DISMISSED** and **CLOSED** because Plaintiff fails to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 8th day of January, 2026, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA